**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4472**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TIMOTHY WAYNE DODD,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:21-cr-00171-2)

_____

Submitted:  April 28, 2023                                    Decided:  June 7, 2023

_____

Before HARRIS and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** David Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant. William S. Thompson, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Dodd was convicted by a jury of conspiring to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine. 21 U.S.C. § 841(a)(1). Seeing no reversible error, we affirm.

At trial, Dodd objected to the government's presentation of two recorded phone calls he made from jail following his arrest. In the calls, Dodd's girlfriend, Emilee Sampson, offered to "make sure that like 2 or 3 people have something so you will have a little bit of money coming in," and Dodd confirmed those sales should result in about $2,400 per week or "$10 grand a month." JA 498–99. Dodd argued the calls could not be used as evidence of the charged conspiracy, because the calls took place after the indictment asserts the charged conspiracy ended. The district court admitted the calls, citing *United States v. Reid*, 523 F.3d 310 (4th Cir. 2008), for the proposition that "evidence of continuing relationships and repeated transactions can support a finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." JA 260–61.

The district court also denied Dodd's motion for a judgment of acquittal, stating there was "overwhelming evidence to take this matter to the jury." JA 406.

We review the denial of a Rule 29 motion for a judgment of acquittal de novo, upsetting a conviction "only where no reasonable juror could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dennis*, 19 F.4th 656, 666 (4th Cir. 2021) (quotation marks omitted). We review the evidentiary ruling for an abuse of discretion and do not disturb even an erroneous ruling if it was harmless. *See United States v. Brizuela*, 962 F.3d 784, 791, 797 (4th Cir. 2020).

Having carefully reviewed the record, we conclude that the evidence was sufficient to support the jury's verdict and that the district court committed no reversible error in admitting the challenged evidence. We thus affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court, and argument would not aid the decisional process.

*AFFIRMED*